UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

**KEENAN ELLIOTT**                                                                                          **PLAINTIFF**

v.                                                                             **CIVIL ACTION NO. 1:14CV-P122-GNS**

**NUNN BETTER TOWING OWNER** *et al.*                                                  **DEFENDANTS**

### MEMORANDUM OPINION

This matter is before the Court on initial review of Plaintiff Keenan Elliott's *pro se* complaint pursuant to 28 U.S.C. § 1915A. For the reasons that follow, the Court will dismiss the action.

### I. SUMMARY OF CLAIMS

Plaintiff filed his complaint on a form for filing a civil-rights action under 42 U.S.C. § 1983. As Defendants, he names "Nunn Better Towing Owner" and the "Warren Co. Prosecutors Office They are the Contract Holders/City County State." He sues Defendants in their individual and official capacities.

Although Plaintiff filed his action on a § 1983 civil complaint form, as his statement of claims, he inserts a typewritten document titled "CRIMINAL COMPLAINT." Therein, he states as follows:

> I, Keenan Elliott, am requesting help with Nunn Better Towing because their has been an unlawful issue with a tow of my 1999 General Motor Company Dully Work truck which I purchased for $2875. Also, when my truck was towed it included $340 in lumber, $350 in tools, a $900 car hauler/trailer, and a $125 stereo system. I reported this to the Commonwealth Attorney's office . . . . I didn't get any charges placed. According to Nunn Better Towing they were called to tow my truck. They say three blocks from where my residence was. The fan belt had came off of the truck. I parked where I was not blocking anything and it took me no longer than 10 minutes to get to my family truck and back to truck in question. When I came back this truck was gone. I located my truck on Old Louisville Rd., at Nunn Better Towing. The office was closed, so I

> called him and there was no answer. Later I saw a Nunn Better truck, I would guess he rides that area heavily this was about 8 PM, my incident was at 9:10 AM, I approached the driver he agreed he towed it. I told him I needed my truck today to do a remodeling job. He said the price, I forget it, but then he said he wanted the title. I told him that I needed the truck to get the title at the courthouse from the previous owner . . . . Unfortunately, the previous owner of my truck whom I was to get the title from at the courthouse never showed and to this day I have not been able to receive the title. I told Nunn Better towing that my handwritten receipt where I paid cash of $2875 out $3000 leaving a balance of $125 to pay off the truck was in the glove box of the truck, but he would not let me have it. I was perfectly willing to pay the balance of $125 when I received the title, yet I never was given it when he was supposed to meet me. I told Nunn Better Towing this, he said, "oh, well no title no truck." Nunn Better said, "I'll tell you what, I'll give you your truck back if you build me two rooms with all this wood on your trailer" – get the words *your*. I said, "you got to be crazy." He said, "you want to get your truck. I'll sell it." I never got anything back . . . .

To the complaint, Plaintiff attaches a handwritten document indicating that he wants Defendants "held on these charges of my Personal Property" and lists the charges of racketeering, robbery, and extortion.

In addition to wanting charges to be brought against Defendants, Plaintiff fills out the "Relief" section of the § 1983 form and indicates that he seeks monetary and punitive damages and two injunctions – one returning his truck, trailer, wood, tools, and stereo to him and another barring Nunn Better Towing "from picking up any cars on a police call."

To the complaint, Plaintiff attaches a letter that he sent to the Warren County Attorney asking her for her advice and assistance in getting the property returned and with other matters. He also attaches a response from the Warren County Attorney in 2014, wherein she advises that if Plaintiff believes a crime has been committed, he needs to contact a police agency and have an investigation conducted and that, given the value of the property, he should contact the Commonwealth Attorney's Office.

## II. ANALYSIS

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked

assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### A. Criminal Complaint

"It is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General." *Powell v. Katzenbach*, 359 F.2d 234, 235 (D.C. Cir. 1965). Only federal prosecutors, and not private citizens, have authority to initiate federal criminal charges. *See Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986); *see also United States v. Nixon*, 418 U.S. 683, 693 (1974) ("Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case."); *see also Saro v. Brown*, 11 F. App'x 387, 388 (6th Cir. 2001) ("A private citizen has no authority to initiate a federal criminal prosecution; that power is vested exclusively in the executive branch."). As "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another," *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973), Plaintiff's criminal complaint must be dismissed.

### B. Section 1983

Moreover, to the extent Plaintiff may be trying to bring constitutional claims against Defendants under § 1983, his claims fail.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

"Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

It is questionable whether Nunn Better Towing's Owner was acting as a state actor when its employee towed and kept Plaintiff's truck and its contents. Presuming for purposes of initial review that the owner was a state actor in that the vehicle was towed on behalf of a municipal entity, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Additionally, "simple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)). "[P]roof of personal involvement is required for a supervisor to incur personal liability." *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008). Because Plaintiff does not allege that Nunn Better Towing's Owner was involved in the towing and keeping of his truck, the claim against the owner will be dismissed.

Additionally, Plaintiff's claims are barred by the one-year statute of limitations. *See Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 183 (6th Cir. 1990) ("[S]ection 1983 actions in Kentucky are limited by the one-year statute of limitations found in section 413.140(1)(a)."). The Court takes judicial notice of the Department of Corrections' Kentucky Offender Online Lookup System website, which indicates that Plaintiff's institution start date was January 28, 2013. See http://kool.corrections.ky.gov/KOOL/Details/37807. Thus, while Plaintiff does not indicate when the alleged towing and keeping of his property occurred, the incidents necessarily occurred prior to his incarceration in January 2013. The one-year limitations period, therefore,

expired at the latest on January 28, 2014, one year after his institution start date. Because Plaintiff did not file the instant action until six months later on July 20, 2014,[1] his claims are untimely and must be dismissed.

Finally, to the extent Plaintiff is complaining that the Warren County Prosecutor's Office failed to press charges, the prosecutor is entitled to prosecutorial immunity. *See Ireland v. Tunis*, 113 F.3d 1435, 1446 (6th Cir. 1997) ("In this role, a prosecutor is unquestionably functioning as an advocate for the state in the judicial process, and absolute immunity is fully justified because the integrity of the judicial system depends in large part upon a prosecutor's ability to exercise independent judgment in deciding whether and against whom to bring criminal charges.").

Therefore, Plaintiff's § 1983 claims must be dismissed as frivolous and for failure to state a claim upon which relief may be granted.

### III. CONCLUSION

For all of the foregoing reasons, the Court will dismiss the action by separate Order.

Date: January 29, 2015

Greg N. Stivers, Judge
United States District Court

cc:  Plaintiff, *pro se*
     Defendants
4416.005

---

[1] Under the prisoner mailbox rule, a civil action is deemed filed on the date that it is deposited in the prison mail system for mailing. *See Richard v. Ray*, 290 F.3d 810, 813 (6th Cir. 2002) (holding that the mailbox rule "applies to civil complaints filed by pro se petitioners incarcerated at the time of filing"). While the Clerk's Office received the complaint for filing on August 21, 2014, Plaintiff signed the complaint on July 20, 2014. On initial review, the Court will use the date most favorable to Plaintiff -- July 20, 2014 -- as the filing date.